UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HAKIM WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-01376 |
| ) | |
| v. ) | |
| ) | |
| GROUP 2029, INC. d/b/a BURGER KING, ) | |
| ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Hakim Williams ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Group 2029, Inc. d/b/a Burger King ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendant's failure to pay overtime wages to Plaintiff, and Defendant's retaliatory termination of Plaintiff's employment for asserting his rights under the FLSA.

2. This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/1 *et seq.*) ("IMWL") for Defendant's failure to pay Plaintiff the minimum wage for all hours Plaintiff worked, and Defendant's retaliatory termination of Plaintiff's employment for making a complaint about wage payment violations under the IMWL.

3. This lawsuit further arises under the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.*) ("IWPCA") for Defendant's failure or refusal to timely pay Plaintiff wages that are owed, and Defendant's retaliatory termination of Plaintiff's employment for asserting his

1

rights under the IWPCA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 29 U.S.C. § 201, *et. seq*.

5. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Plaintiff's state law claims through 28 U.S.C. § 1367.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Hakim Williams, resided in McLean County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Group 2029, Inc. d/b/a Burger King, was a corporation doing business in and for McLean County in the State of Illinois, whose address is 1617 North Main Street, Normal, IL 61761.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant as a Head Chef (a non-exempt employee) beginning in or around March 2023, until Plaintiff's termination on or around July 5, 2024.

10. Plaintiff's job duties included, but were not limited to, preparing food, managing kitchen operations, supervising kitchen staff, and ensuring compliance with food safety standards.

11. Plaintiff performed work that was an integral part of the business of Defendant, including preparing food for customers, which was essential to Defendant's business operations as a fast-food restaurant.

12. Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e), and the IMWL, 820 ILCS 105/3(d).

13. Defendant was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c), as Defendant exercised significant control over Plaintiff's work, including setting work hours, monitoring performance, and dictating the manner in which Plaintiff performed his job.

14. Defendant, Group 2029, Inc. d/b/a Burger King, is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

15. Plaintiff regularly worked 40 or more hours in a work week.

16. On one or more occasions, Defendant failed to pay Plaintiff for all hours Plaintiff worked in a work week.

17. As a result of Defendant improperly deducting time from Plaintiff's pay, Defendant failed to pay Plaintiff minimum wages for all hours worked, and failed to pay Plaintiff overtime compensation for hours he worked in excess of 40 hours in a work week.

18. Plaintiff complained to both the Defendant's General Manager, Candace (LNU), and the District Manager, Adam (LNU) about not being paid properly, and asked for a printout of his hours.

19. Despite Plaintiff raising his concerns, Adam and Candace brushed Plaintiff off, and never corrected the problem.

20. Instead, on July 5, 2024, just a couple of weeks after Plaintiff complained about not being paid properly, Defendant terminated his employment in retaliation for asserting his rights under Illinois and federal law.

21. As a result of Defendant's conduct, Plaintiff has suffered lost wages, and has incurred fees in costs in bringing this lawsuit.

22. Under Illinois law, and the FLSA, Defendant has an obligation to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review the records of hours worked to determine the exact amount of wages, including overtime, owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff is entitled to submit his own information about the number of hours worked.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Failure To Pay Wages)

23. Plaintiff hereby repeats and incorporates paragraphs 1-35 as if set forth fully herein.

24. Defendant is an employer subjected to the overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

25. As Defendant's employee, Plaintiff regularly worked hours in excess of 40 hours in a work week, but was not paid an overtime premium for each and every hour of overtime he worked.

26. Plaintiff was not exempt from overtime under the FLSA.

27. At all times relevant, Defendant knew or should have known that Plaintiff was not exempt from the wage and overtime obligations imposed by the FLSA. Defendants knew that they were required to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours in a work week. In spite of such knowledge, Defendants willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff was entitled.

28. Pursuant to the FLSA, Plaintiff is entitled to compensation for unpaid overtime at

a rate of one and one half times their regular rate of pay.

29. The exact amount of compensation, including overtime compensation that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or Defendant's failed or refused to keep sufficient records.

30. Defendants' failure to pay Plaintiff compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which he is owed.

31. Plaintiff has suffered damages, including lost wages, as a result of Defendant's conduct.

32. Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay Plaintiff proper compensation. As such, Plaintiff is entitled to attorney's fees and costs incurred pursuant to 28 U.S.C. §216(b).

## COUNT II
### Violation of the IMWL, 820 ILCS 105/4.
### (Failure To Pay Wages)

33. Plaintiff hereby repeats and incorporates paragraphs 1-19 as if set forth fully herein.

34. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

35. The matters set forth in this Count arise from Defendant's violation of the wage payment provisions of the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*.

36. Plaintiff brings this action pursuant to 820 ILCS 105/12(a), which authorizes a civil action to recover damages for Defendant's violations of the IMWL.

37. Pursuant to 820 ILCS 105/4, Defendant was required to pay Plaintiff all wages earned, including wages for hours worked during two consecutive pay periods.

38. Instead of paying Plaintiff for all hours Plaintiff worked, Defendant improperly deducted hours from Plaintiff's pay, resulting in Defendant's failure to pay Plaintiff minimum wages for all hours worked.

39. Defendant violated the IMWL by failing to pay Plaintiff for all hours worked during his employment, in violation of 820 ILCS 105/4.

40. Defendant's failure or refusal to pay Plaintiff his proper wages was willful, repeated, or with reckless disregard for the law.

41. Plaintiff suffered damages, including lost wages, as a result of Defendant's conduct.

42. Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay Plaintiff proper compensation. As such, Plaintiff is entitled to attorney's fees and costs incurred.

### COUNT III
### Violation of the IWPCA, 820 ILCS 115/14.
### (Failure To Pay Wages)

43. Plaintiff hereby repeats and incorporates paragraphs 1-19 as if set forth fully herein.

44. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

45. The matters set forth in this Count arise from Defendant's violation of the wage payment provisions of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/14.

46. Plaintiff brings this action pursuant to 820 ILCS 115/14, which authorizes a civil action to recover damages for Defendant's failure to timely pay wages owed.

47. Pursuant to the IWPCA, Defendant is required, at least semi-monthly, to pay

Plaintiff all wages earned during the semi-monthly pay period, and all wages earned during a semi-monthly pay period must be paid no later than 13 days after the end of the pay period in which such wages were earned. All wages earned during a weekly pay period must be paid no later than 7 days after the end of the weekly pay period in which the wages were earned.

48. Instead of paying Plaintiff for all hours Plaintiff worked, Defendant improperly deducted hours from Plaintiff's pay, resulting in Defendant's failure to timely pay Plaintiff wages for all hours worked.

49. Defendant violated the IWPCA by failing to timely pay Plaintiff for all hours worked during his employment.

50. Defendant's failure or refusal to timely pay Plaintiff his proper wages was willful, repeated, or with reckless disregard for the law.

51. Plaintiff suffered damages, including lost wages, as a result of Defendant's conduct.

52. Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay Plaintiff proper compensation. As such, Plaintiff is entitled to attorney's fees and costs incurred.

**COUNT IV**
**Violation of the Fair Labor Standards Act**
**(Retaliation)**

53. Plaintiff hereby repeats and incorporates paragraphs 1-19 as if set forth fully herein.

54. Under the FLSA, 29 U.S.C. § 215(a)(3), Defendant was prohibited from retaliating against Plaintiff for engaging in protected activity.

55. Plaintiff engaged in protected activity when he complained to Defendant that he was not paid for all hours worked.

56. Shortly after Plaintiff complained to Defendant about his wages, Defendant

terminated his employment.

57. There is a causal connection between Plaintiff's protected activity and the adverse employment action taken by Defendant.

58. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including but not limited to, lost wages, emotional distress, and other compensatory damages.

59. As a result of Defendant's conduct, Plaintiff is entitled to all available remedies under the FLSA, including reinstatement, back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs.

**COUNT V**
**Violation of the IMWL, 820 ILCS 105/1 *et seq.***
**(Retaliation)**

60. Plaintiff hereby repeats and incorporates paragraphs 1-19 as if set forth fully herein.

61. Under the IMWL, 820 ILCS 105/11(c), Defendant was prohibited from retaliating against Plaintiff for asserting his rights under the law, including making complaints about wage payment violations for failing to pay minimum wages.

62. Plaintiff made complaints to Defendant regarding wage payment violations, and shortly after, Defendant terminated Plaintiff's employment without cause.

63. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including but not limited to, lost wages, emotional distress, and other compensatory damages.

64. As a result, Defendant has violated the IMWL, and Plaintiff is entitled to recover back pay, penalties, and other remedies under 820 ILCS 105/12.

**COUNT VI**
**Violation of the IWPCA, 820 ILCS 115/1 *et seq.***
**(Retaliation)**

65. Plaintiff hereby repeats and incorporates paragraphs 1-19 as if set forth fully herein.

66. Under the IWPCA, 820 ILCS 115/14(c), Defendant was prohibited from retaliating against Plaintiff for asserting his rights under the law, including making complaints about unpaid wages.

67. Plaintiff made complaints to Defendant regarding unpaid wages, and shortly after, Defendant terminated Plaintiff's employment without cause.

68. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including but not limited to, lost wages, emotional distress, and other compensatory damages.

69. As a result, Defendant has violated the IMWL, and Plaintiff is entitled to recover back pay, penalties, and other remedies under 820 ILCS 115/14.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a) Judgment in Plaintiff's favor for unpaid wages in an amount to be proven at trial;

b) Liquidated damages as provided by the FLSA;

c) Punitive damages;

d) Compensatory damages;

e) Statutory damages under the IMWL;

f) Statutory damages under the IWPCA;

g) An award of Plaintiff's reasonable attorney's fees and costs;

h) Prejudgment and post-judgment interest; and

i) Any other relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 7th day of October, 2024.

Respectfully submitted,

**/s/ *Travis P. Lampert*** 
Travis P. Lampert, Esq.
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*